**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED
04 NOV 24 PM 12: 3
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| IN THE MATTER OF: )<br><br>Stan Kalisker, )<br><br>Plaintiff, )<br>)<br>and )<br>)<br>LensCrafters, Inc. )<br>)<br>an Ohio Corporation, and operating )<br>company of )<br>)<br>Luxottica Retail Group, )<br>)<br>an Ohio Corporation. )<br>)<br>Defendants. ) | No.<br><br>Judge:<br><br>Magistrate Judge: |

DOCKETED
NOV 2 9 2004

JUDGE CASTILLO

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## COMPLAINT

Now comes the Plaintiff, Stan Kalisker, by and through his attorneys, B. J. Sullivan and Associates, pursuant to the Civil Rights Act of 1964, as amended, U.S.C.§2000(e) et seq., and that he was terminated from his employment in retaliation for filing a charge of discrimination; and in support thereof states as follows:

## BACKGROUND INFORMATION

1.    The Plaintiff, Stan Kalisker, (hereinafter referred to as "Kalisker") is a male individual, residing at 217 Coventry Circle, Vernon Hills, Illinois 60061 in Cook County, Illinois.

2.    The Plaintiff was hired by the Defendant, LensCrafters, Inc. (hereinafter referred to as "LensCrafters") on July 20, 2001 as a Manager in training.

1

3.      LensCrafters, Inc. is an Ohio corporation doing business in the State of Illinois. On information and belief, this corporate entity is an operating company of Luxottica Retail Services, another Ohio corporation. The corporate offices are located at 4000 Luxottica Place, Mason, Ohio 45040-8114.

4.      That at the time of the incidents complained of herein, Defendant, LensCrafters employed fifteen (15) or more employees.

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1367, and Title VII, 42 U.S.C. §2000(e) et. seq.

6.      Venue is proper under 28 U.S.C. § 1391 because the acts complained of by the plaintiff occurred within this judicial district and because the defendants do and maintain business within this judicial district.

7.      The Plaintiff was promoted to a store general manager on November 4, 2001, and he was assigned to the LensCrafter store at 2312 Northbrook Court, Northbrook, Illinois 60062. This location is known as store #89.

8.      At all times hereto, Kalisker's immediate supervisor was Patrick F. Gibson, Regional Director of Operations.

9.      The Plaintiff was born in Russia and immigrated to the United States. He is currently a U.S. citizen. His date of birth is May 10, 1962. He is of the Jewish faith.

10.     Kalisker was terminated from his employment on October 31, 2003.

11.     On December 23, 2003, Plaintiff, timely filed a charge of discrimination against the Defendant with the Illinois Department of Human Rights and the

2

Equal Employment Opportunity Commission (hereinafter "EEOC"). (A copy is attached as Exhibit A).

12.     The EEOC issued a Notice of Right to Sue on August 26, 2004. (A copy is attached as Exhibit B)

## COUNT I

## NATIONAL ORIGIN

13.     Plaintiff re-alleges and incorporates the allegations of paragraph 1 through 12 of the Background facts as though fully set forth herein.

14.     Kalisker was performing his job duties in a manner consistent with Defendant's legitimate expectations.

15.     For the first nine (9) months of 2003, the Plaintiff's store (#89) ranked number 4 in sales the region

16.     Plaintiff received the highest bonus in the region prior to his termination of employment.

17.     Three other General Managers in the same sales region are non-Russian, namely, Paul Hitalenko, Joe Tota, and Jessie Gonzales.

18.     The above named General Managers in the same region had stores that ranked lower in sales that did Plaintiff's store and they were not terminated from their positions.

19.     On October 31, 2003 when terminated from his employment, Plaintiff was informed the reason given for his termination of employment was unsatisfactory job performance.

3

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.   Enter a judgment in Plaintiff's favor and against the Defendant for their violation of Title VII, 42 U.S.C. § 2000 (e) et. seq. and 42 U.S.C. §1981:

B.   Award the Plaintiff actual damages suffered, including lost wages and damages:

C.   The Defendant be re-instated to his former position as store general manager in the Northbrook, Illinois store or alternatively, that Plaintiff be awarded front pay damages;

D.   Award the Plaintiff compensatory damages under Title VII to compensate him for the embarrassment, anxiety, humiliation and emotional distress he has suffered:

E.   Award Plaintiff prejudgment interest on his damages award;

F.   That Defendant be ordered to pay all attorney fees and costs of Plaintiff in this matter;

G.   Award the Plaintiff punitive damages for Defendant's willful violations of Title VII; and

H.   Grant Plaintiffsuch other and further relief, as this Court deems fair and just.

## COUNT II

### RELIGION

20.   Plaintiff re-alleges and incorporates the allegations of paragraph 1 through12 of the Background facts as though fully set forth herein.

21.   The Plaintiff, Mr. Kalisker, was performing his job duties in a manner

4

consistent with Defendant's legitimate expectations.

22. For the first nine (9) months of 2003, the Plaintiff's store (#89) ranked number 4 in sales the region

23. Plaintiff received the highest bonus in the region prior to his termination of employment.

24. Three other General Managers in the same sales region are non-Jewish, namely, Paul Hitalenko, Joe Tota, and Jessie Gonzales.

25. The above named General Managers in the same region had stores that ranked lower in sales than did Plaintiff's store and they were not terminated from their positions.

26. On October 31, 2003 when terminated from his employment, Plaintiff was informed the reason given for his termination of employment was unsatisfactory job performance.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in Plaintiff's favor and against the Defendant for their violation of Title VII, 42 U.S.C. § 2000 (e) et. seq.:

B. Award the Plaintiff actual damages suffered, including lost wages and damages:

C. The Defendant be re-instated to his former position as store general manager in the Northbrook, Illinois store or alternatively, that Plaintiff be awarded front pay damages;

D. Award the Plaintiff compensatory damages under Title VII to compensate

5

him for the embarrassment, anxiety, humiliation and emotional distress he has suffered:

E.     Award Plaintiff prejudgment interest on her damages award;

F.     That Defendant be ordered to pay all attorney fees and costs of Plaintiff in this matter;

G.     Award the Plaintiff punitive damages for Defendant's willful violations of Title VII; and

H.     Grant Plaintiffsuch other and further relief, as this Court deems fair and just.

## COUNT III

## AGE DISCRIMINATION

27.    Plaintiff re-alleges and incorporates the allegations of paragraph 1 through 12 of the Background facts as though fully set forth herein.

28.    The Plaintiff, Mr. Kalisker, was performing his job duties in a manner consistent with Defendant's legitimate expectations.

29.    For the first nine (9) months of 2003, the Plaintiff's store (#89) ranked number 4 in sales the region

30.    Plaintiff received the highest bonus in the region prior to his termination of employment.

31.    Three other General Managers in the same sales region are younger than Plaintiff, namely, Paul Hitalenko (approximately 31 years), Joe Tota (approximately in mid-twenties), and Jessie Gonzales (approximately in his mid-twenties).

32.    The above named General Managers in the same region had stores that

ranked lower in sales that did Plaintiff's store and they were not terminated from their positions.

33.     Plaintiff was replaced in his position by April Roman (approximately 31 years of age) after his termination of employment.

34.     On October 31, 2003 when terminated from his employment, Plaintiff was informed the reason given for his termination of employment was unsatisfactory job performance.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.      Enter a judgment in Plaintiff's favor and against the Defendant for their violation of Title VII, 42 U.S.C. § 2000 (e) et. seq. and Age Discrimination Employment Act:

B.      Award the Plaintiff actual damages suffered, including lost wages and damages:

C.      The Defendant be re-instated to his former position as store general manager in the Northbrook, Illinois store or alternatively, that Plaintiff be awarded front pay damages;

D.      Award the Plaintiff compensatory damages under Title VII to compensate him for the embarrassment, anxiety, humiliation and emotional distress he has suffered:

E.      Award Plaintiff prejudgment interest on her damages award;

F.      That Defendant be ordered to pay all attorney fees and costs of Plaintiff in this matter;

7

G.      Award the Plaintiff punitive damages for Defendant's willful violations of Title VII; and

H.      Grant Plaintiff such other and further relief, as this Court deems fair and just.

## COUNT IV

## RETALIATORY DISCHARGE

35.     Plaintiff re-alleges and incorporates the allegations of paragraph 1 through 12 of the Background facts as though fully set forth herein.

36.     The Plaintiff, Kalisker, was performing his job duties in a manner consistent with Defendant's legitimate expectations.

37.     For the first nine (9) months of 2003, the Plaintiff's store (#89) ranked number 4 in sales the region

38.     Plaintiff received the highest bonus in the region prior to his termination of employment.

39.     On September 14, 2003, the Plaintiff filed a written internal complaint with Ms. Vanessa Brown, a Human Resource Manager with Defendant alleging discrimination based on national original and religion.   A copy of this document is attached as Exhibit C.

40.     Plaintiff was notified by Ms. Brown that she would investigate the matter and notify him of her results.

41.     On information and belief, no investigation was conducted in this matter.

42.     Plaintiff received no further communication from Ms. Brown.

43.     On October 31, 2003 when terminated from his employment, Plaintiff was informed the reason given for his termination of employment was

8

unsatisfactory job performance.

44.     The reason given for termination of employment (unsatisfactory job performance) was a mere pretext for unlawful discrimination.

45.     The Defendant terminated the employment of Plaintiff in retaliation for his filing an internal charge of national origin and religion discrimination with the Human Resource Department.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an order against Defendant providing for the following:

A.      That the Defendant be ordered to pay all Plaintiff's loss of earnings and benefits of the employment relationship;

B.      The Plaintiff be re-instated to his former position as store general manager in the Northbrook, Illinois store or alternatively, that Plaintiff be awarded front pay damages;

C.      That Defendant be ordered to pay all attorney fees and costs of Plaintiff in this matter; and

D.      For such other relief as this Court deems fair and just.

## COUNT V

## HANDICAP DISCRIMINATION

46.     Plaintiff re-alleges and incorporates the allegations of paragraph 1 through 12 of the Background facts as though fully set forth herein.

47.     The Plaintiff, Kalisker, was performing his job duties in a manner consistent with Defendant's legitimate expectations.

48.     For the first nine (9) months of 2003, the Plaintiff's store (#89) ranked

9

number 4 in sales the region

49.    Plaintiff received the highest bonus in the region prior to his termination of employment.

50.    Plaintiff is a handicapped individual within the meaning of American with Disabilities Act 42 U.S.C. § 12117. Defendant was notified by Plaintiff on October 8, 2003 that he was hospitalized and required an angioplasty.

51.    Plaintiff was hospitalized for two days and then released. He returned to work on the following Monday, October 12, 2003.

52.    Mr. Gibson telephoned Plaintiff on Friday evening to check on his status and see when he might be returning to work. Mr. Gibson did not ask if he needed an accommodation of any kind.

48.    His handicap did not prevent Plaintiff from performing his duties as a store General Manager. The only accommodation that he requested was time for doctor appointments.

49.    On October 31, 2003 when terminated from his employment, Plaintiff was informed by Patrick Gibson that the reason given for his termination of employment was unsatisfactory job performance.

50.    The reason given for termination of employment (unsatisfactory job performance) was a mere pretext for unlawful discrimination.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.    Enter a judgment in Plaintiff's favor and against the Defendant for their violation of Title VII, 42 U.S.C. § 2000 (e) et. seq.:

B.    Award the Plaintiff actual damages suffered, including lost wages and

damages:

C.    The Defendant be re-instated to his former position as store general manager in the Northbrook, Illinois store or alternatively, that Plaintiff be awarded front pay damages;

D.    Award the Plaintiff compensatory damages under Title VII to compensate him for the embarrassment, anxiety, humiliation and emotional distress he has suffered:

E.    Award Plaintiff prejudgment interest on her damages award;

F.    That Defendant be ordered to pay all attorney fees and costs of Plaintiff in this matter;

G.    Award the Plaintiff punitive damages for Defendant's willful violations of Title VII; and

H.    Grant Plaintiff such other and further relief, as this Court deems fair and just.

# PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS WHICH ARE TRIABLE BY A JURY.

Respectfully Submitted,

*Barbara J. Sullivan*

Barbara J. Sullivan, Attorney for
Plaintiff.

Barbara J. Sullivan
B. J. Sullivan and Associates
79 W. Monroe Street, Suite 900
Chicago, IL 60603-4914
312-263-1173

## 735 ILCS 5/1-109 Verification By Certification

Under penalties as provided by law pursuant to section 1-109 of the Code of Civil

Procedures the undersigned certifies that the statements set forth in this instrument are true

and correct, except as to matters therein stated to be on information and belief and as to

such matters the undersigned certifies as aforesaid that she verily believes the same to be

true.

_____
Stan Kalisker

Sworn and Subscribed to before me this 22nd day of November, 2004

_____
Notary Public

Official Seal
Jason Williams
Notary Public State of Illinois
My Commission Expires 10/11/05

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

04W1223.04

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| [X] IDHR | | 2004CA1752 |
| [X] EEOC | | |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| STAN KALISKER | 847-918-1130 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 217 COVENTRY CIRCLE | VERNON HIL, IL 60061 | 05/10/62 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| LENSCRAFTERS | | 847 564 0020 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2312 NORTHBROOK CT | NORTHBROOK, IL 60062 | 031 |

| NAME | TELEPHONE (include area code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON: , , | DATE OF DISCRIMINATION | |
|---|---|---|
| SEX               RELIGION              NATIONAL ORIGIN | EARLIEST (ADEA/EPA) | LATEST (ALL) |
| AGE               RETALIATION | 09/14/2003 | 10/31/2003 |
| | [ ] CONTINUING ACTION | |

THE PARTICULARS ARE (if additional space is needed attach extra sheet(s))

I.  A.  ISSUE/BASIS

   DISCHARGE - OCTOBER 31, 2003, BECAUSE OF MY NATIONAL ORIGIN, RUSSIA

  B.  PRIMA FACIE ALLEGATIONS

   1.  My national origin is Russia.

   2.  I was performing my job as General Manager of store #89 in a manner consistent with Respondent's legitimate expectations.  I was hired by Respondent on July 20, 2001.

   3.  On October 31, 2003, I was discharged.  The reason given by Patrick Gibson (USA), Regional Director of Operations, for my discharge was unsatisfactory job performance.

Cont'd....

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (when necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

OFFICIAL SEAL
Krystal I. Rogers
Notary Public, State of Illinois
My Commission Expires Nov. 15, 2006

Notary Public Seal    12/23/04

SIGNATURE OF COMPLAINANT          DATE

X _____     12/23/2003

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, year)

EEOC FORM 5 (6-00)          FEP9MEE3

Complainant Name: **STAN KALISKER**

Charge Number: **2004CA1752**

Page 2

4. For the first nine months of 2003, my store ranked #4 and I also received the highest bonus in the region.

5. Similarly situated (non-Russian), General Managers, Paul Hitalenko, Joe Tota, and Jessie Gonzalez, stores ranked lower than mine did and they were not discharged for unsatisfactory job performance.

II. A.    ISSUE/BASIS

DISCHARGE - OCTOBER 31, 2003, BECAUSE OF MY RELIGION, JEWISH

   B.    PRIMA FACIE ALLEGATIONS

1. My religion is Jewish.

2. On October 31, 2003, I was discharged. The reason given by Patrick Gibson (non-Jewish), Regional Director of Operations, for my discharge was unsatisfactory job performance.

3. For the first nine months of 2003, my store ranked #4 and I also received the highest bonus in my region.

4. Similarly situated (non-Jewish), General Managers, Paul Hitalenko, Joe Tota, and Jessie Gonzalez, stores ranked lower than mine did and they were not discharged for unsatisfactory job performance.

III. A.    ISSUE/BASIS

DISCHARGE - OCTOBER 31, 2003, BECAUSE OF MY AGE, 41

   B.    PRIMA FACE ALLEGATIONS

1. My age at the time of the alleged violation was 41.

2. I was performing my job as General Manager of store #89 in a manner consistent with Respondent's legitimate expectations. I was hired by Respondent on July 20, 2001.

3. On October 31, 2003, I was discharged. The reason given by Patrick Gibson (age unknown), Regional Director of Operations, for my discharge was unsatisfactory job performance.

Cont'd...

Complainant Name: **STAN KALISKER**

Charge Number 2004CA1752

Page 3

4. For the first nine months of 2003 my store ranked #4 and I also received the highest bonus in my region.

5. Similarly situated (younger), General Managers, Paul Hitalenko ((31), Joe Tota (20's), and Jessie Gonzalez, (20's) stores ranked lower than mine and they were not discharged for unsatisfactory job performance.

IV. A. ISSUE/BASIS

DISCHARGE - OCTOBER 31, 2003, BECAUSE OF MY SEX, MALE

B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

2. I was performing my job as General Manager of store #89 in a manner consistent with Respondent's legitimate expectations. I was hired by Respondent on July 20, 2001.

3. On October 31, 2003, I was discharged. The reason given by Patrick Gibson (age unknown), Regional Director of Operations, for my discharge, was unsatisfactory job performance.

4. For the first nine months of 2003 my store ranked #4 and I also received the highest bonus in my region.

5. I was replaced by April Romano (female), General Manager.

V. A. ISSUE/BASIS

DISCHARGE - OCTOBER 31, 2003, IN RETALIATION FOR FILING AN INTERNAL COMPLAINT OPPOSING UNLAWFUL DISCRIMINATION

B. PRIMA FACIE ALLEGATIONS

1. On September 14, 2003, I engaged in a protected activity by filing an internal complaint with Vanessa Brown, Human Resources Manager, opposing that which I reasonably and in good faith believes to be unlawful discrimination based on my national origin, Russia and my religion, Jewish.

2. On October 31, 2003, I was discharged. The reason given by Patrick Gibson (age unknown), Regional Director of

Complainant Name: **STAN KALISKER**

Charge Number: 2004CA1752

Page 4

3. For the first nine months of 2003 my store ranked #4 and I also received the highest bonus in my region.

4. The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

MEE/RCG

# EXHIBIT B

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | | | |
|---|---|---|---|
| To: | **Mr. Stan Kalisker**<br>**217 Coventry Circle**<br>**Vernon Hills, Illinois  60061** | From: | **Equal Employment Opportunity**<br>**Commission**<br>**Chicago District Office**<br>**500 West Madison Street**<br>**Suite 2800**<br>**Chicago, Illinois  60661-2511** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21BA400749** | **Nola Smith, State/Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*
────────────────────
**John P. Rowe, District Director**

26 *August* 2004
*(Date Mailed)*

Enclosure(s)

cc:  **Lenscrafters**

# EXHIBIT C

September 14, 2003

Dear Vanessa Brown,

      I would like to report of personal attacks towards me by my RDO Patrick Gibson. My name is Stan Kalisker. I am the GM of store 89. I strongly feel that his crusade against me is rather personal than business motivated. It started as a written counseling on January 6, 2003, and I was told that it is for my 2002 performance. My Standards of Performance rating for 2002 was 3, which according to the definition states: "Performance meets all requirements of the position. It is good, solid performance normally expected of those who have the necessary skills, training and experience. Although minor deviations may occasionally occur, the overall performance meets or may slightly exceed job requirements." However the managers that performed worse than me were not counseled. Instead of helping me to improve my performance, I was set up for failure by my RDO. When our region had mentoring groups set up by Patrick Gibson, to help stores to improve performances, I was never included in any of those groups. As a matter of fact I found out of those groups existence strictly coincidently by talking to one of my fellow GM's.

      At the time of counseling, I was told by Mr. Gibson that we will have a follow up meeting in 30 days, but instead he waited 60 days, until I would have less than 100% U/U month, even though my February performance was above regional average. At the time of our March follow up session. I was told by Mr. Gibson that I either have to take a transfer to a lower volume store, or I would be under the microscope until I would have my first bad month. At that time I would not have these options again. All the decisions that Patrick makes when it comes to my store is to set me up for failure, for example: at the end of January 2003, Mr. Gibson called me on the day when I was leaving on vacation and told me that I have to transfer my ARM Enisa Biseevic to store 150 effective immediately, leaving my store with only one manager for one week, while I'm on vacation, and store 150 with three managers. My payroll for the store was always low in both 2002 and 2003. For the month of July 2003, I had a high payroll due to the store moving to the new location, and I was counseled for that. Some stores have high payroll for several months in the row and if the managers are buddies with Mr. Gibson they do not get counseled.

      In this region we have an elite group of managers that are buddies with the RDO. They play golf together and discuss the situations that involve other managers and associates that should be kept strictly confidential by the RDO. Also it does not matter how those managers perform, they get promoted rather than counseled for their sub par performance. Paul Hitalenko, the GM from store 20, whose level of performance was lower than mine in 2002 and 1st quarter of 2003, was promoted to GM of store 286, which is a highest volume store in the region.

      April Romano, who was hired as a GMIT in October 2002, was telling everybody in January 2003, that she would be going to my store as a General Manager. When in March 2003, I refused to transfer to store 8, April Romano was appointed GM to store 8. When she got to store 8, she told all the associates that she is here temporarily and would be transferring to store 89 shortly because Patrick promised her store 89. Also during that time April's payroll checks were mailed to my store, even though she never trained or

1

worked at my store. When I confronted Patrick Gibson with this uncomfortable situation, he turned red and said that he had no knowledge about this matter and if I have any problems with April, I should discuss this with her and not get Patrick involved.

When in the last several months, store 8's CSAT dropped significantly, Patrick Gibson asked GM Joe Tota from store 562 to personally mentor her to improve her CSAT when in my case when my CSAT dropped, I was counseled.

On August 4, 2003, I received my follow up counseling by Mr. Gibson, even though my store for the first 8 months was one of the three stores in the region that was trending up over LY and my CSAT was at 89.3 above the company goal of 88 and regional average of 86.9. My CSAT ranking is 33 in the Midwest RVP group. I have the lowest retail and lab supply spending in the region. My store has one of the lowest remakes in the region. I was told by Mr. Gibson that my payout bonus for the first half of 2003, was one of the highest in the region, which shows solid performance by my store.

I strongly believe that Mr. Gibson has something personal against me. I don't know if that is because I am a foreigner and the only Russian Jewish manager in the region. His actions make me feel very uncomfortable. His actions since my last counseling shows that his mind is already made up towards my future and no matter how I will perform he will only look for the negative in order to terminate my employment with LensCrafters and open the store for April Romano. During my review in April 2003, Mr. Gibson told me that he will fax or email me my career development plan. He never sent it to me.

Three weeks ago during the GM meeting for which we were supposed to submit our career development plans, I told Patrick that I never received one from him, he just completely ignored me and changed the subject of the conversation. On September 11, 2003, we lost the electrical power in the store. I left a voice mail on Mr. Gibson's cell phone and he never returned my phone call to check on the problem, which shows his complete indifference towards me and my store.

I really enjoy working for LensCrafters, and I think that under tough economic times, I am trying to do my best to make the store grow and make money for the organization, while maintaining the high level of customer service. I believe that rules should be the same for everybody and just like I was counseled for underperforming, so should have been the other managers, whose stores were not performing well. No matter what their relationship with Mr. Gibson is, everyone should be treated equally.
I hope that you will take this matter seriously and investigate it and will get back to me with the results as soon as you can. I will be sending you copies of my counselings and my performance reports. If you need any additional information, please call me at any of the following numbers: Store (847) 564-0020, Home (847) 918-1130, Cell (847) 867-9500.

Sincerely,

Stan Kalisker

2



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

FILED FOR DOCKETING

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

CLERK U.S. DISTRICT COURT

---

**Plaintiff(s): STAN KALISKER**

County of Residence: *Cook*

Plaintiff's Atty: Barbara J. Sullivan
B.J. Sullivan and Associates
79 W. Monroe St Suite 900,
Chicago, IL 60657
312-263-1173

**Defendant(s): LensCrafters, Inc. an Ohio Corporation, and operating company of Luxottica Retail Group, an Ohio Corporation.**

County of Residence:

Defendant's Atty:

**DOCKETED**
NOV 2 9 2004

## 04C 7646

---

II. Basis of Jurisdiction:  **4. Diversity (complete item III)**

JUDGE CASTILLO

III. Citizenship of Principal
Parties (Diversity Cases Only)

Plaintiff:- **1 Citizen of This State**
Defendant:- **5 Non IL corp and Principal place of Business outside IL**

IV. Origin :  **1. Original Proceeding**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

V. Nature of Suit:  **442 Employment**

VI. Cause of Action:  **Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§1331, 1367 Title VII, 42 U.S.C. §2000 (e) et seq., 42 U.S.C. § 1981 and 42 U.S.C. § 12117.**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature: *Barbara J. Sullivan*

Date: *November 24, 2004*

---

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

STAN KALISKER V. LENSCRAFTERS, INC and LUXOTTICA RETAIL GROUP, Ohio Corporations

FILED

04 NOV 24 PM 12: 57

CLERK
U.S. DISTRICT COURT

Case Number: 04 C 7646

DOCKETED

NOV 2 9 2004

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

STAN KALISKER

| (A) | | | | (B) | | | | |
|---|---|---|---|---|---|---|---|---|
| SIGNATURE *Barbara J. Sullivan* | | | | SIGNATURE   JUDGE CASTILLO | | | | |
| NAME Barbara J. Sullivan | | | | NAME   MAGISTRATE JUDGE | | | | |
| FIRM B.J. Sullivan and Associates | | | | FIRM   GERALDINE SOAT BROWN | | | | |
| STREET ADDRESS 79 W. Monroe St, # 900 | | | | STREET ADDRESS | | | | |
| CITY/STATE/ZIP Chicago, IL 60603-4914 | | | | CITY/STATE/ZIP | | | | |
| TELEPHONE NUMBER 312-263-1173 | | FAX NUMBER 312-263-2210 | | TELEPHONE NUMBER | | | FAX NUMBER | |
| E-MAIL ADDRESS Sullivan.b@inetmail.net | | | | E-MAIL ADDRESS | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 18514 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | |
| MEMBER OF TRIAL BAR? | YES ☒ | NO ☐ | | MEMBER OF TRIAL BAR? | | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☒ | NO ☐ | | TRIAL ATTORNEY? | | YES ☐ | NO ☐ | |
| | | | | DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ | |
| (C) | | | | (D) | | | | |
| SIGNATURE | | | | SIGNATURE | | | | |
| NAME | | | | NAME | | | | |
| FIRM | | | | FIRM | | | | |
| STREET ADDRESS | | | | STREET ADDRESS | | | | |
| CITY/STATE/ZIP | | | | CITY/STATE/ZIP | | | | |
| TELEPHONE NUMBER | | FAX NUMBER | | TELEPHONE NUMBER | | | FAX NUMBER | |
| E-MAIL ADDRESS | | | | E-MAIL ADDRESS | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | | MEMBER OF TRIAL BAR? | | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | | TRIAL ATTORNEY? | | YES ☐ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | | DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ | |

## INSTRUCTIONS FOR COMPLETING APPEARANCE FORM